UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BYRON L. HARRIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-938-JD-MGG |
| KASSY DUNCAN, | |
| Defendant. | |

OPINION AND ORDER

Byron L. Harris, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harris, who is housed at the Miami County Jail, alleges that in September 2021, Jail Commander Kassy Duncan put his life and the lives of other jail inmates in danger because she had not implemented appropriate COVID-19 measures for the jail's staff and inmates. ECF 1 at 2. Given his concern about the measures, he filed two grievances in which he asked Duncan about the masking, quarantining, testing, and vaccination procedures at the jail. ECF 1 at 2; ECF 1-1 at 1-2. Duncan responded to Harris's first

grievance by stamping the word "FRIVOLOUS" on it and she noted on his second grievance that "precautions are being made." ECF 1-1 at 1-2. However, a month after he filed his grievances, Harris asserts there was no testing being done and inmates in several units of the jail had become infected with COVID-19. ECF 1 at 1. The inmates who were infected with COVID-19 were not quarantined and they were intentionally placed in units with other inmates who were not sick. *Id*. at 2.

While Harris's complaint is somewhat vague, he seems to believe that Duncan is managing the COVID-19 pandemic at Miami County Jail in a way that is deliberately indifferent to his safety and the safety of other inmates. Deliberate indifference imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). However, neither negligence nor gross negligence is enough. *Id.* "[T]he mere failure . . . to choose the best course of action does not amount to a constitutional violation." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). Harris has not identified or explained what measures Duncan implemented at the Miami County Jail. Because the court does not know what measures have been implemented, it cannot access whether Duncan was deliberately indifferent to Harris's safety. Furthermore, Harris has not alleged that he has had COVID-19 or been injured. Therefore, he may not proceed on this claim.

While Harris's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When he prepares his amended complaint, he

2

should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Byron L. Harris;

(2) GRANTS Byron L. Harris until **March 23, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Byron L. Harris that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on February 22, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT